ADOLPH LEIBOWITZ et al., Copartners under the Firm Name of LEIBOWITZ BROS., Appellants, *v.* BICKFORD'S LUNCH SYSTEM, Respondent, and COUNTY HOLDING COMPANY, Respondent and Appellant.

**Landlord and tenant — lease — option — lease of premises with option for renewal — sublease with similar option — consent of landlord to sublease for definite term with no reference or consent to transfer of option — payment of rent by sublessee direct to landlord — sublessee not entitled as against landlord to extension of its sublease or possession of leased premises after expiration of its term — receipt of rent due does not constitute waiver or estoppel — lessee entitled to extension of its lease but may not use same, without consent of landlord, to keep sublessee in possession — jurisdiction of court in action by sublessee for declaratory judgment to determine rights between lessor and lessee — failure to ask for other relief — when court will not send case back for complete adjudication of all the rights of the parties.**

1. Where the lessee of premises, holding under a lease for a term of years, with an option for another term, which contained clauses to the effect that the lessee would not assign or underlet the premises without the written consent of the lessor, sublet the premises for a term one day less than the original, the sublease containing a clause purport-

ing to give to the sublessees the right of extension, but agreements executed between the parties, in recognition of the necessity of consent by the original lessor to a sublease, all referred to and were predicated upon a sublease for a definite period and contained no reference or consent to a transfer of the option possessed by the original lessee, and expressly provided that no assignment and no further subletting of said premises should be made except upon consent, the sublessee and its successors are not entitled, as against the original lessor, to an extension of its sublease or of its possession of the leased premises after the expiration of its term.

2. A contention that the lessor by receipt of rent from the sublessee during the original term created by the lease, with knowledge of the provision in the sublease for an extension, has waived the right to object to a renewal of the sublease and to refuse a renewal of the principal lease, cannot be sustained. The sublessees, to obtain the consent of the lessor to its lease, executed covenants and promises of guaranty of performance by the original lessee of its obligations which included payment of rent, and subsequently, apparently by arrangement of all parties to avoid unnecessary trouble, the sublessees paid directly to the original lessor, thus saving a double operation of payment. The latter, however, received no rents except those to which it was entitled under the sublease of the specific estate and term to which alone it had consented and is not thereby prevented from refusing consent to an extension of that term to which it has never consented and to which the rents which it is receiving are in no manner attributable. (*Collins* v. *Hasbrouck*, 56 N. Y. 157, 162, distinguished.)

3. The successor to the original lessee, however, is entitled as tenant to an extension of the lease as provided in the original instrument, it having served the required notice upon the lessor. Its attempt to give to its sublessees an option for an extension does not now operate as a forfeiture of its rights. Should it attempt, however, to use its extension of the lease without the consent of its landlord for the purpose of maintaining the sublessees in possession of the premises, the landlord might be entitled to relief terminating its rights.

4. A contention that the court did not have jurisdiction to adjudicate the respective rights of the landlord and successor lessee cannot be upheld. The action was brought by successors to the sublessees to obtain a declaratory judgment and a demand for judgment declaring the rights of the successor-lessee was not only contained in the plaintiff's complaint but also in the answer of the defendant landlord. In addition, at the close of the trial, the trial justice without any objection on the part of the landlord took the view that the rights of all of the parties were before the court for determination. Under these circumstances the court was authorized to pass upon the rights of defendant

lessee as against its co-defendant and to declare that it was entitled to an extension of the original term of the lease.

5. Defendant lessee having given to its sublessee, the plaintiff, an express covenant to renew its lease and it being determined that plaintiff cannot have judgment for specific performance of that agreement, ordinarily a court of equity, having obtained jurisdiction of the parties and their controversy, would render to the injured party such relief as might be appropriate, and, where no evidence was presented on the trial which would furnish the basis of such relief, the court, on appeal, might send the case back in order that this question might be passed on and a complete adjudication of all of the rights of the parties had. This, however, is a matter of discretion and will not be done where the parties themselves did not request the court to pass upon that aspect of the case.

*Leibowitz* v. *Bickford's Lunch System*, 213 App. Div. 874, affirmed.

(Argued December 9, 1925; decided January 12, 1926.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 8, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Conrad Saxe Keyes* for plaintiffs, appellants. The consent executed by the County Holding Company was sufficient to authorize an option for a renewal of the sublease. (*Presby* v. *Benjamin*, 169 N. Y. 377; *Riggs* v. *Purcell*, 66 N. Y. 193; *Gillette Bros.* v. *Aristocrat Restaurant*, 239 N. Y. 87; *Fischer* v. *Ginzburg*, 191 App. Div. 418; *Storms* v. *Manhattan Ry. Co.*, 77 App. Div. 94; 178 N. Y. 493; *Carter* v. *Hammett*, 18 Barb. 608; *Murray* v. *Harway*, 56 N. Y. 337; *Dakin* v. *Williams*, 17 Wend. 447.) The benefit of the covenant to renew the original lease was an essential part of the principal lease, and was obligatory upon the landlord in the absence of some violation by the tenant or subtenant of the terms of the principal lease. (*Wilkinson* v. *Pettit*, 47 Barb. 230; *Probst* v. *Rochester Steam Laundry Co.*, 171 N. Y. 584; *Downing* v. *Jones*, 11 Daly, 245; *Piggo* v. *Mason*, 1 Paige, 412.) The landlord has waived the right to object to a renewal of the sublease

and to refuse a renewal of the principal lease. (*Collins* v. *Hasbrouck,* 56 N. Y. 157; *Murray* v. *Harway,* 56 N. Y. 337; *Conger* v. *Duryee,* 90 N. Y. 594.) The judgment of the Appellate Division should have made definite disposition of the rights of the plaintiffs as against the Bickford's Lunch System. (*Polhemus Printing Co.* v. *Wynkoop,* 30 App. Div. 524.)

*Charles L. Woody* for County Holding Company, appellant and respondent. Samuel Shapiro, Michael Menaker and Adolph Leibowitz never acquired the right to a renewal under the sublease of May 15, 1919, nor have their assignees, Leibowitz Brothers. (*Davis* v. *Morris,* 36 N. Y. 569; *Woodhull* v. *Rosenthal,* 61 N. Y. 382; *Stewart* v. *Long Island R. R. Co.,* 102 N. Y. 601.) The plaintiffs, Leibowitz Brothers, had no greater rights than their assignors Menaker, Shapiro· and Leibowitz had. (*East 82d Street Corporation* v. *Rogers,* 192 App. Div. 633; *Collins* v. *Hasbrouck,* 56 N. Y. 157; *Barrington Apartment Assn.* v. *Watson,* 38 Hun, 545.) There was no waiver. (*McKenzie* v. *Harrison,* 120 N. Y. 260.) Bickford's Lunch System should not have been given any relief against its co-defendant, County Holding Company, as it did not demand any relief in its answer nor serve its answer on the County Holding Company. (*Knickerbocker Trust Co.* v. *O., C. & R. S. R. Co.,* 188 N. Y. 38; *Earle* v. *Earle,* 73 App. Div. 300; 173 N. Y. 480; *Weston* v. *Stoddard,* 60 Hun, 290; *Howard* v. *American Manufacturing Co.,* 162 N. Y. 347.)

*Joseph W. Umans* for Bickford's Lunch System, respondent. The Bickford's Lunch System is in all events entitled to a renewal of the principal lease. (*Conger* v. *Duryee,* 90 N. Y. 594; *Derham* v. *Lee,* 87 N. Y. 599; *Craig* v. *Commissioners,* 203 N. Y. Supp. 236; *Edwards* v. *Woodruff,* 90 N. Y. 396; *Knickerbocker Trust Company* v. *O., C. & R. S. R. Co.,* 188 N. Y. 38; *Earle* v. *Earle,* 73 App. Div. 300; 173 N. Y. 480; *Weston* v. *Stoddard,* 60

Hun, 290.)    The plaintiffs, appellants, are entitled to a renewal provided such renewal term is obtained from the County Holding Company.    (*Gillett* v. *Bank of America,* 160 N. Y. 549; *Marshall* v. *Com. Travelers Mut. Acc. Assn.,* 170 N. Y. 434; *Moran* v. *Standard Oil Co.,* 211 N. Y. 187; *Murray* v. *Harway,* 56 N. Y. 337; *Conger* v. *Duryee,* 90 N. Y. 594; *Wilkinson* v. *Pettit,* 47 Barb. 230.)

HISCOCK, Ch. J.    This action was brought by plaintiff to obtain a declaratory judgment and the appeal presents questions springing from a clause in a lease of property in New York city providing for a renewal or extension of the original term.    Some of the questions arise between the plaintiffs and defendants; others between the two defendants and in connection with the latter there is the additional question whether under the pleadings and proceedings upon the trial one defendant was entitled to the judgment which has been awarded to it against its co-defendant.    The present parties have succeeded and stand in the places respectively of those who were originally parties to the transactions involved.

In June, 1914, the Whiting Development Corporation to whose rights and obligations the defendant County Holding Company has succeeded made a lease of certain premises to the Capital Lunch, Inc., to whose rights and obligations the defendant Bickford's Lunch System has succeeded, for a term commencing June 17, 1914, and ending February 1, 1925.    This lease in addition to other provisions not material in this discussion contained clauses to the effect that the lessee would not " assign this lease or underlet the demised premises without the written consent of the lessor is had and obtained " and to the effect that the tenant, provided it was not in any default on February 1, 1924, should " have an option for a further term of five years " at a given rental and that this option must be exercised by a notice in writing served upon the landlord before February 1, 1924.

The tenant entered into possession of the premises and in May, 1919, executed a sublease to Shapiro and others to whose rights and obligations the plaintiffs have succeeded. By this instrument the lessor, being the original lessee, leased to its lessees the premises in question for a term " commencing on the 5th day of May, 1919, and to end on the 30th day of January, 1925," at a specified rental and in addition agreed that said sublessees provided they were not in default in any manner on February 1, 1924, should " have an option for a further term of five years " at a given rental and that this option was to be exercised by notice in writing before February 1, 1924. In recognition of the fact that this original lessee could not make a sublease of the premises without the consent of its lessor what has been called a tripartite agreement was executed. The proposed sublessees executed an instrument whereby, after recital of the facts that the Capital Lunch System (as it had then become) desired " to sublet " to them the premises in question " for a term expiring on the 30th day of January, 1925," and had applied to the original lessor to consent to such sublease and the latter had agreed so to do on certain conditions and " as an inducement to the County Holding Company to consent to the execution of the *sublease hereinbefore recited* and in consideration of such consent," they, the sublessees, did guarantee the performance by the Capital Lunch System of its obligations contained in the original lease. The Capital Lunch System on its part executed an instrument requesting the County Holding Company to consent to a subleasing of said premises to its proposed subtenants. The County Holding Company in consideration of the agreements respectively of the proposed sublessor and the sublessees executed an instrument whereby it consented " to a subletting of said premises * * * it being distinctly understood that no assignment and no further subletting of said premises shall hereafter be made except with the consent of the County

Holding Company." These instruments supplied the only connection between the original lessor and the sublease and it will be noted that they did not refer to any assignment of the original lease but to what was truly a sublease expiring one day before the expiration of the original term (*Collins* v. *Hasbrouck,* 56 N. Y. 157, 162) and contained no reference to the extension clause in the sublease.

In accordance with these instruments and the sublease, the sublessees entered into possession of the premises and ultimately and apparently as a matter of convenience to all parties they paid the rent therefor directly to the County Holding Company as successor to the original lessor. Some time in 1923 the sublessor and the sublessees commenced to demand of the original lessor a renewal or extension of the term for a period of five years as provided in the clause hereinbefore quoted and prior to the date provided, February 1, 1924, each of them served notice in accordance with the terms of the clause demanding such renewal or extension. The County Holding Company refused to grant such extension to the sublessee taking the position that it was not entitled thereto and did not execute any extension to its own lessee. It continued to collect rents of the plaintiffs after it knew of the clause in the sublease purporting to give to the sublessees a right of extension and after the latter had demanded such extension.

Finally this action was commenced praying for a declaratory judgment and, largely solving the question of practice between the co-defendants hereafter considered, the complaint after setting forth with considerable detail the alleged rights of the various parties incorporated in its demand for declaratory judgment the prayer that said judgment specify " whether Bickford's Lunch System is entitled to a renewal of the original lease of said demised premises    *    *    *    for a term of five years from the expiration of the original term mentioned in said lease " and the defendant County Holding Company in its answer

demanded judgment " decreeing that neither the plaintiffs nor the defendant Bickford's Lunch System was entitled to a renewal of the lease dated and executed May 15, 1919."

The Special Term reached the conclusion on voluminous findings that the sublessees were entitled to an extension for five years and rendered a judgment directing the defendant County Holding Company to execute a lease to its lessee for such extension and directing such lessee to execute a sublease to plaintiffs for the same extension. The Appellate Division reversing various findings and conclusions of law and making new ones rendered judgment declaring that plaintiffs were not entitled to a lease for the extended period but that the defendant Bickford's Lunch System as original lessee was entitled to such a lease. Striking out the provisions in the judgment of the Special Term for specific performance by the original lessee of its agreement with its sublessees for such extended period, it made no declaratory provision otherwise determining or fixing the rights and remedies as between sublessor and sublessee in the absence of the provision for specific performance.

We agree with the conclusions reached by the Appellate Division. In fact on the written instruments by which the rights of the parties are to be decided, it seems difficult to debate those conclusions. The lease between the original lessor and lessee as distinctly and explicitly as could be, provided for a definite term expiring on a certain date, with a mere option or executory right to an extension of this period for a certain period if exercised under certain conditions and before a certain date. While this term still existed and long before the right to exercise its option for an extension arrived and while its only estate in the premises was for the specific term, the lessee executed to plaintiffs' predecessors a sublease " for the term commencing on the 15th day of May, 1919 and to end on the 30th day of January, 1925," being one

day prior to the date of expiration of the original lease. It is true the lease contained the clause purporting to give to the sublessees the right of extension. But that was an independent provision creating a separate and additional right and when in recognition of the necessity for consent by the original lessor to a sublease the parties executed the agreements which have been referred to, they all referred to and were predicated upon a sublease for a definite period and contained no reference or consent to a transfer of the option possessed by the original lessee. The transaction covered by these instruments and consented to by the original landlord was distinctly a sublease and not an assignment of the original lease. The request by the proposed sublessees expressly recited a proposition to " sublet " for a specific term and as an inducement to the original lessor to consent to the execution of the " sublease hereinbefore recited " made certain covenants and promises. The original lessee requested a consent to " a subleasing " and not to any assignment of the lease and the landlord consented to such " subletting " and expressly provided that no *assignment* and no further subletting of said premises should be made except upon consent. So with all these instruments expressly limiting the transaction to a sublease of the premises which the original lessee was then enjoying and expressly prohibiting any assignment or further subleasing without further consent, it seems quite plain to us that there was no consent to an assignment of the original lease or of the option therein contained for an extension of the term originally provided for.

It is urged, however, that whatever may have been the limitations of these instruments, the Holding Company by receipt of rent from the sublessee during the original term created by the lease after knowledge of the provision in the sublease for an extension " has waived the right to object to a renewal of the sublease and to refuse a renewal of the principal lease." Perhaps we

might more accurately view the plaintiffs' proposition as one of estoppel rather than one of waiver but we see no element upon which to base their proposition in either form. As has been fully stated the sublessees executed covenants and guaranties of performance by the original lessee of its obligations which, of course, included payment of rent and subsequently, apparently by arrangement of all parties to avoid unnecessary trouble the sublessees paid directly to the original lessor thus saving a double operation of payment by them to their lessor and payment by the latter to its lessor, and the defendant received this rent after knowledge of the clause in the sublease providing for an extension of the term and after demand by the sublessee and its lessor for such extension.

There is left in the case no finding of estoppel or waiver and certainly there was none as matter of law. Under well-recognized principles the defendant cannot be regarded as having waived the necessity for its consent, or its right to object to the attempted extension of the lease, unless it has received from the plaintiffs as sublessees benefits in the way of rents which are so attributable to this proposed extension as to prevent defendant from questioning it. As a matter of fact it has done no such thing. It has received rents to which it was entitled under a sublease of a specific estate and term to which alone it consented and which was entirely seperate and distinct from the provision for an extension of such sublease to which it not only did not consent but to which it duly and specifically objected. Thus there is here no acceptance of benefits with one hand while with the other the beneficiary attempts to brush away obligations which necessarily spring from or accompany the benefits.

The case of *Collins* v. *Hasbrouck* (*supra*) does not hold anything which is at all inconsistent with this view. That was an action of ejectment brought to oust a subtenant from the possession of leased premises. The foundation of the plaintiff's claim was that the action

of an original lessee in including in a sublease a provision for an extension of the original term operated under the terms of the original lease as a forfeiture which enabled the landlord to regain possession before expiration of the original and unquestioned term and he was seeking to eject the subtenant under those circumstances. After knowledge of the provisions in the sublease for an extension of the term and which were claimed to work a forfeiture, the landlord received rent and it was held that this receipt of rent operated as a waiver of the forfeiture. It was plain that it did under the views adopted by the court because it was held that the action of the lessee at once produced a forfeiture and enabled the landlord to regain possession of the premises. Under this view it was naturally enough held that when, after knowledge of the forfeiture, he went on receiving rents and treating the tenant as lawfully in possession he waived forfeiture. The difference between a receipt of rent with knowledge of provisions in a sublease, as operating as a waiver of forfeiture which had accrued, and as operating as a consent to an extension of the lease under the circumstances developed in this case seems quite clear. A landlord cannot very well receive rents from a sublessee thereby conceding that the latter is lawfully in possession and then insist that his tenancy has been forfeited and that he may be ejected. A landlord who receives rent to which he is expressly entitled from a subtenant under an express term to which he has consented is not thereby prevented from refusing to consent to an extension of that term to which he has never consented and to which the rents which he is receiving are in no manner attributable.

We next come to the consideration of the question whether the defendant Bickford's Lunch System is entitled as tenant to an extension of the lease as provided in the original instrument. Passing for the moment the question of pleadings and proceedings upon the trial, we are able to perceive no reason why it is not entitled to such

extension as has been held by the Appellate Division. It has served notice upon the defendant County Holding Company as provided by its lease and under the circumstances of the case we do not find any thing which warrants the conclusion that its attempt to give to its sublessees an option for an extension now operates as a forfeiture of its rights. Of course, any right of extension to which said defendant is entitled will be for its own benefit without any right of sublease or assignment except with the consent of its lessor. Under the judgment as it now stands the plaintiffs are not entitled to any possession of the leased premises for the extended term and if the defendant Bickford's Lunch System should attempt to use its extension of the lease without the consent of its landlord for the purpose of maintaining them in possession of the premises it very likely might happen that the Holding Company would be entitled to relief terminating the rights of its co-defendant as well as the plaintiffs.

The defendant County Holding Company urges, without foundation we think, that the court did not have jurisdiction to adjudicate the respective rights of itself and its co-defendant. We have already referred to the demand for judgment declaring the rights of the Bickford's Lunch System not only contained in the plaintiffs' complaint but also in the answer of the defendant Holding Company. In addition, at the close of the trial the trial justice without any objection on the part of the Holding Company took the view that the rights of all of the parties were before the court for determination. Under these circumstances we think that the court was authorized to pass upon the rights of defendant Bickford's Lunch System as against its co-defendant and to declare that it was entitled to an extension of the original term of the lease.

One aspect of the respective rights of plaintiffs and of the Lunch System remains undetermined. The latter gave to the former an express covenant to renew its lease

for the term of five years and it is now being determined that plaintiffs cannot have judgment for specific performance of that agreement for the reason that the Bickford's Lunch System has not power to carry it out. Under such circumstances ordinarily a court of equity having obtained jurisdiction of the parties and their controversy and being unable to decree specific performance would award to the injured party such relief as might be rendered appropriate by the default of the other party. This has not been done and no evidence was presented on the trial which would furnish the basis for such relief. Under some circumstances it perhaps might be deemed desirable to send the case back in order that this question might be passed on and a complete adjudication of all of the rights of the parties had. This, however, is more or less a matter of discretion and we do not deem it wise to do it especially since the parties themselves did not request the court to pass upon this aspect of the case. The court is given the power to declare rights and other legal relations on request for such declaration " whether or not further relief is or could be claimed " (Civil Practice Act, section 473), and we, therefore, leave the determination of this feature of their rights to such further proceedings if any as the parties may see fit to adopt.

Therefore, the judgment should be affirmed, with costs to the defendant County Holding Company gainst plaintiffs and with costs to the defendant Bickford's Lunch System against plaintiffs and defendant County Holding Company.

CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed, etc.