PAUL COSTALLAT and LILLIAN COSTALLAT, Respondents, v. JOSEPH DIAMOND and Others, Appellants.— Judgment reversed upon the law and the facts, with costs, and judgment directed dismissing the complaint, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. The J. & J. Battery Auto Supply Service, Inc., as tenant, assigned its lease from Elamae Sales Corporation, as owner, with the written consent of such owner, to Oscar Shank and Louis W. Weil. By so doing, the covenant against assignment in the lease was canceled. (*Gillette Bros. v. Aristocrat Restaurant*, 239 N. Y. 87.) By accepting rent from appellant Thrift Service Stations, Inc., to which Messrs. Shank and Weil assigned the lease, the respondents, to whom Elamae Sales Corporation conveyed the property in question, conceded that the tenant was lawfully in possession. (*Leibowitz v. Bickford's Lunch System*, 241 N. Y. 489.) The previous action for specific performance of the agreement extending the lease for a period of ten years did not determine the validity of the non-assignment clause in the lease. The judgment in that action is not *res adjudicata* precluding appellant Thrift Service Stations, Inc., from claiming that the waiver of the non-assignment clause was continued. The evidence is not convincing that the parties intended a new lease and not merely an extended lease. Covenants such as the one now considered are strictly construed against the lessor. (*Riggs v. Pursell*, 66 N. Y. 193, 201.) Hagarty, Seeger, Carswell and Scudder, JJ., concur; Lazansky, P. J., dissents upon the following grounds: As a matter of law the renewed lease was a new lease for a new term and not an extension of the term of the original lease. The complaint and judgment in the specific performance action and the lease executed by the landlord and the last assignee of the original lease indicated that it was so intended by all concerned. The term was for a period longer than the original lease; it commenced before the expiration of the term of the original lease; the rental was higher; the said assignee agreed to pay the rent — it had not agreed to pay rent under the original lease. The covenants of the original lease were for the term thereof, and a waiver of a breach of the covenant not to assign prevented forfeiture during

that term. But that waiver ended with the term of the original lease. All rights, duties and obligations were related to that term and ended with its end. It is not carried into the new term because that term is not a continuation or extension of. the original term. The new lease carries with it every covenant and condition of the original lease except as expressly changed. Furthermore, the last assignee of the original lease has procured a judgment of specific performance of an agreement to renew upon the same terms as the original lease except as to rent and length of term. In that action no claim was made by the plaintiff there, the last assignee, that the covenant against assignment had been waived, that the lease had been modified accordingly and that the new lease should contain no such covenant. Having obtained a judgment according to the prayer of the complaint and obtained a new lease on that basis, it may not now be heard to say, even in an action of a different nature, that the lease is different than it claimed in the action. The doctrine of prior adjudication is not involved. Settle order on notice.