Gertrude W. Bradley et al., Landlords, *v.* General Store Equipment Corp., Tenant, and Richard M. Edelman et al., Undertenants.

Municipal Court of New York, Borough of Manhattan, February 4, 1944.

*Carl J. Herkert* for landlords.

*Milton Waxenfeld* for General Store Equipment Corp. and Richard M. Edelman, tenant and undertenant.

*Abraham Weiss* for Emil J. Paidar Co., Inc., undertenant.

*Marshall Rosett* for Intoco Tobacco Corp., undertenant.

Whalen, J.   This is a summary holdover proceeding in which the owner-landlords are seeking to dispossess the tenant and

various undertenants from business premises on the ground that the term has expired. The facts are as follows:

The landlords leased to General Store Equipment Corp., hereinafter called "General," the west half of the ground floor and the entire floor above in the building known as 520–528 West 43rd Street, Manhattan, for the term of five years commencing January 1, 1939, and terminating December 31, 1943, with an option to renew the lease for the further period of three years and a further option to renew for an additional two years, making the entire possible term ten years, which would expire December 31, 1948. The tenant was required to give notice of the exercise of the option to the landlord by written notice on or before October 31, 1943, and for the further option on or before October 31, 1946. The lease provides that the tenant "may assign this agreement or underlet or underlease the premises or any part thereof or make any alterations on the premises without the landlords' consent in writing."

Thereafter General assigned all its interest in said lease to Richard M. Edelman by an assignment in writing which is undated but acknowledged August 3, 1943, and which reads: "To have and to hold the same unto the assignee, his heirs, executors, administrators, successors, and assigns, from the 22nd day of June, 1943, for all the rest and remainder of the years mentioned in the said lease subject to the rents, covenants, conditions and provisos therein also mentioned." Under date of June 22, 1943, Edelman, as landlord, leased to Walter Rosett, the entire floor above the street floor in said building for the term of five and one-half years to commence on the 1st day of July, 1943, and to end on the 1st day of December, 1948. It will be observed that there is an inconsistency in the description of the term, inasmuch as five and one-half years from July 1, 1943, would bring it up to December 31, 1948. Clause 25th of this lease provides: "Upon the expiration or other termination of the term of this lease tenant shall quit and surrender to landlord the demised premises, broom clean, in good order and condition, ordinary wear excepted." There is a clause in which the landlord expressly reserves the right to terminate the term as of any date during the last thirty-one days thereof on giving fifteen days' notice. This lease and all rights thereunder were thereafter assigned to Intoco Tobacco Corporation, which is now in possession of the second floor, and Rosett has been completely eliminated. Under date of June 25, 1943, Edelman, as landlord, leased to Emil J. Paidor, Inc., as tenant, the westerly half of the ground floor in the same

building, for the term of one year and six months, to commence on July 15, 1943, and to end January 15, 1945, with the right to extend the term to December 31, 1948, on giving notice in writing on or before October 1, 1944. This lease contains a surrender clause similar to the lease to Rosett, and both leases contain a clause in which the tenant is notified that this is a sublease and that, by the terms of the original lease, from the owner, the owner has the right to terminate the original lease in the event of a sale.

Thereafter on October 16, 1943, Edelman sent a written notice to the landlords in which he notified the landlords that he exercised the option to renew for a further period of three years. On October 19, 1943, the landlords wrote to Edelman stating that the landlords did not recognize any right on his part or on the part of General to extend the term of the lease, and demanding possession on December 31, 1943.

The law is clear that an option in a lease, giving the tenant a right to renew or extend a term is a covenant running with the land, and where the lease is assigned by the tenant, the right to exercise the option passes to the assignee. (*Liebowitz* v. *Bickford's Lunch System*, 241 N. Y. 489.) The right does not extend to a sublessee, but only to an assignee.

It seems to be well established now that if a tenant assigns the full balance of his term as to one part of the premises to one person and the full balance of his term to the rest of the premises to another person, as to each of the assignees there is an assignment *pro tanto*. (*Woodhull* v. *Rosenthal* et al., 61 N. Y. 382; *New Amsterdam C. Co.* v. *Nat. Union F. Ins. Co.*, 266 N. Y. 254.) It does not make any difference what language the parties use. If the lessee assigns all his interest in the entire premises or a portion of the premises, without any reversionary interest in himself, the result is an assignment, even though the parties may call it a sublease.

The landlords' theory is that the lease to General was for a term expiring December 31, 1943, and that the option to renew was a mere executory right that might come into effect at a later time. (*Liebowitz* v. *Bickford's Lunch System*, 241 N. Y. 489, 496, *supra*.) The landlords claim, therefore, that when Edelman, who was a full assignee, gave a lease to Rosett of one floor and to Paidor of the other floor, for a period extending beyond December 31, 1943, Edelman divested himself completely of all his interest in the term of the lease and that no one could exercise the option to renew thereafter except the two assignees, Intoco (successor to Rosett) and Paidor, jointly.

The landlords rely, in support of this contention, on *Stewart v. Long Island R. R. Co.* (102 N. Y. 601). It is stated in New York Law of Landlord and Tenant (Vol. 2, § 601, p. 290) that " where assignments of parts are made to several assignees they may enforce a renewal to their assignor," and in Ruling Case Law (Vol. 16, § 403, p. 899) it is stated: " In case separate interests in portions of the leasehold are assigned to several persons, they may jointly compel the lessor to renew the lease to their assignor."

The tenant and all the undertenants named are resisting this proceeding and claim that the leases from Edelman to Intoco and Paidor are subleases and not assignments and, consequently, that the proper person to exercise the option to renew was Edelman.

In *Orr v. Doubleday, Page & Co.* (223 N. Y. 334) it was held that a ten-year lease with an option to renew for ten years more was a twenty-year lease. At page 340, the court said: " The exercise by the defendant of the privilege of renewal extended the term of the lease for the additional period of ten years as a present demise for the full term of twenty years, the last half of which was to take effect at the termination of the first, at the option of defendant." Of course, if this theory of present demise for ten years is applied to the original lease, it should be applied also to the subleases and in that case Edelman may be considered to have demised the two separate floors for the balance of the full term of ten years and the so-called subleases would become assignments unless there was some reversionary right reserved in Edelman. In the Paidor lease he reserved the right to cancel during the last thirty-one days. In the Intoco lease the tenant was required to surrender to the landlord at the end of the term.

The only case submitted or which the court has been able to find which is at all similar to the facts in this case is *Condit v. Manischewitz* (220 App. Div. 366). This was a submission of a controversy upon an agreed statement of facts. Although the submission was dismissed, the majority of the court, in its opinion, made some statements which I have decided to follow as a guide. In that case the owner-landlord made a lease to the defendant-tenant for a term ending March 31, 1926, with an option to renew for five years from April 1, 1926, upon giving written notice of intention to exercise the option six months prior to April 1, 1926. There was a covenant by the tenant not to assign without the landlord's consent. Nevertheless the tenant almost immediately assigned the entire premises for the entire term to two individuals and the tenant covenanted

" to exercise his option for the renewal of his original lease with his landlord pursuant to the terms of his lease." When the time to exercise the option to renew arrived, the notice of intention to renew was sent by Manischewitz, the tenant, and the landlord claimed that the notice was inoperative. There was another claim by the landlord, to the effect that the tenant had forfeited the lease by assigning without consent. In his dissenting opinion, Mr. Justice MERRELL expressed the views advanced by the landlord in this proceeding. He held that there was a complete assignment by the tenant and that the tenant had divested himself of all interest in the premises and that the option to renew could be exercised only by the assignee. However, the majority of the court, in its opinion, stated: " Plaintiff contends, however, that inasmuch as the lease was assigned, the right of renewal rested in the assignee and not in the defendant and that the defendant's notice of exercise of the option was, therefore, inoperative. All the authorities relied on by the plaintiff involve controversy between the lessee and his assignor as to the right to the renewed term. Here the lessee exercised the option as agent for his assignee pursuant to his covenant so to do. It would be inequitable in the extreme to permit the plaintiff to avoid the consequences of her covenant to renew merely because the lessee omitted to state in his notice that he was acting for the assignee. The plaintiff has sustained no prejudice by reason of this omission or by reason of the failure of the defendant and his assignees to record the so-called subleases immediately.

" We conclude, therefore, that the option to renew the lease was validly exercised for the benefit of the defendant's assignee." On its face, the *Condit* case (*supra*) was a stronger case from the landlord's point of view than the present one.

The record on appeal in the *Condit* case (*supra*) shows that there was an express covenant on the part of the tenant to his assignees to exercise the option in the original lease for their benefit. In the present case there is no similar expressed covenant but inasmuch as Edelman leased to Intoco and to Paidor for a term extending beyond December 31, 1943, it seems to me that there was an implied covenant on his part to exer-cise the option on their behalf and for their benefit. There is no dispute here between the lessee and the underlessees. The only dispute is between the owner-landlords and the assignee of their tenant.

For the foregoing reasons, I have come to the conclusion that the landlords cannot prevail, and there will be a final order in favor of the tenants, dismissing the petition on the merits.