Matthew M. Levy, J.
The plaintiff seeks a declaration of rights (Civ. Prac. Act, § 473, Rules Civ. Prac., rule 211; Fidelity & Columbia Trust Co. v. Levin, 128 Misc. 838, affd. 221 App. Div. 786, affd. 248 N. Y. 551; Leibowitz v. Bickford’s Lunch System, 241 N. Y. 489). The complaint in substance contains the following allegations:
The defendant Cross Roads is the owner of certain premises. On July 8, 1953, Cross Roads leased the premises to Biwad Realty Corporation for a term ending July 31,1976. This lease gave Biwad the option to renew the term of the lease for two successive periods of 21 years each, provided that the lessee give notice in writing of the lessee’s exercise of the respective option ‘1 at least one year prior to the expiration of the current term ’ ’. The lease also permitted the lessee to assign the lease provided that the lessee remain bound and the assignee assume liability as well. Thereafter, Biwad assigned to NAJ Corp. Thereafter, NAJ subleased to Commerce Associates, Inc., for the period beginning June 15, 1954 and for the balance of the term of the prime lease. Thereafter, Commerce assigned to Property Owners Violation Clinic, Inc., and, later, Property assigned to the plaintiff. On July 18,1958, NAJ assigned to one Ginsberg, who, on the same day assigned to one Brennan, and who, also on the same day, assigned to the defendant Gocaro. The several assignees and the sublessee assumed the obligations of the major lease, and the respective assignors and the sublessor agreed to remain bound.
It is also alleged in the complaint that the defendant Gocaro and the defendant Cross Roads are affiliated corporations having the same principal officers, directors and stockholders. With respect to the option to renew the term of the major lease for two successive periods of 21 years each (which the plaintiff asserts it is entitled to exercise) the plaintiff alleges that the defendant Gocaro has formally notified the plaintiff that the latter does not have that privilege, and that Gocaro claims that such right did not pass to the plaintiff, asserting that it alone, Gocaro, has such option, and that the plaintiff’s rights are subordinate to those of Gocaro as the holder of the major lease.
*524 The defendants move for dismissal of the complaint for legal insufficiency (Rules Civ. Prac., rule 106, subd. 4). Their contention is that the complaint fails to set forth a present justiciable controversy, but seeks merely an advisory opinion of the court with respect to a matter which might occur in the future, but may not by reason of changing circumstances (Goodman & Co. v. New York Tel. Co., 309 N. Y. 258; Prashker v. United States Guar. Co., 1 N Y 2d 584, 592).
The prime lease, in its original term, runs until July 31, 1976, and, by its provisions, the initial option to renew may be exercised at any time at least one year prior to the expiration of the current term in 1976. That may seem a long way off, but, if carefully read, the allegation appears to indicate that the first option may be exercised in 1960, or any time thereafter until the year 1975, and that the plaintiff does not have to await the arrival of the year 1975. Moreover, the value of the asset carrying with it the privilege to exercise the option is quite different from its value without such right. And, as the plaintiff points out in its brief, if it has the benefit of the option to renew, then it would, for some time to come, own a lease having a period of more than 21 years to run and, therefore, one which it would be able to mortgage (Insurance Law, § 81, subd. 6). Thus, the question is important to the plaintiff, not only later, but now, if it were to attempt to exercise the option long before the present expiration of the lease, or to sell or assign or mortgage the sublease.
It is my opinion that the complaint sets forth a present justiciable controversy and a valid cause of action for a declaratory judgment. Accordingly, the motion is denied. The defendants may answer within 10 days after the service of a copy of the order entered hereon, with notice of entry.