Abraham N. (Teller, J.
Plaintiff, a sublessee — so designated in the principal instrument under review — seeks a declaratory judgment [see 26 Misc 2d 522] declaring its right to avail itself of the renewal options contained in the major lease of the land and building situated at' 643 Third Avenue, New York City. Defendants are the corporate owner in fee and another corporation formed by its officers and stockholders for the purpose of obtaining an assignment of the valuable major lease.
The major lease made in 1953 for a term of 23 years with two successive 21-year renewal options permitted its assignment upon condition of lessee’s continuing liability. This major leasé was purchased and came into the possession of the aforementioned corporation by assignment after mesne assignments.
The first assignee of the major lease, when it was in possession of the property, subleased the entire property for the balance of the term of the major lease at a rental substantially greater than the rent provided in the major lease. Plaintiff acquired this sublease through mesne assignments thereof.
Plaintiff or its predecessor sublessees, pursuant to a requirement in the major lease, effected at considerable expense an alteration of the building. A declaratory judgment is requested at this time to settle an existing dispute as to who may have the benefits of the renewal options and thus enable the parties affected to make appropriate plans for sale, disposition or use of the major lease and sublease.
In the absence of contractual restriction, a renewal option in a lease is a covenant running with the land and the right to exercise it passes upon assignment to the assignee. (Leibowitz v. Bickford’s Lunch System, 241 N. Y. 489.) Here, in fact, the renewal option in the major lease was expressly conferred upon “the lessee, its successors or assigns.” But such right does not extend to a sublessee, only to an assignee. (Bradley v. General Store Equip. Corp., 183 Misc. 199, 201, affd. 268 App. Div. 852.) As between the lessee and his sublessee, the lessee ordinarily has the0 right of renewal of the major lease and the sublessee’s right to renewal of his sublease is conditioned on the lessee’s obtaining a renewal of the major lease, in which event the sublessee acquires no right unless the lessee obtains such renewal. (51 C. J. S., Landlord and Tenant, pp. 603-604.)
*56 Plaintiff’s claim that it is entitled to exercise the renewal options contained in the major lease is based upon the premise that the sublease under which its rights arise, being “ for the balance of the term of said major lease,” is in legal effect an assignment thereof, citing Stewart v. Long Is. R. R. Co. (102 N. Y. 601). Ste%vart dealt solely with the question as to whether the original lessor could maintain a direct action against the occupant for the rent reserved in the original lease, when by the subsequent instrument, however denominated, the original lessee parted with his whole term. The court explicitly pointed out that “ so far as the original lessor is concerned,” (p. 608) the essence of the instrument as an assignment was not destroyed by reserving a new rent to the original lessee with power of re-entry for nonpayment. But that decision has no meaning in a case involving the right of renewal claimed by both an assignee and a sublessee of the major lease. The fact that a corporation formed by the original lessor’s officers and stockholders subsequently acquired an assignment of the major lease cannot operate to confer upon plaintiff a right which it did not previously possess.
There is no need for a review of the authorities dealing with this matter of assignment or sublease. Resolution of the issue here is plainly dictated by the express provisions of the instruments involved.
The major lease granted to the lessee, its successors or assigns, an option to renew, provided notice of the exercise thereof was given at least one year prior to expiration of the lease. If the parties could not agree six months prior to such expiration date upon the net annual rent to be paid during the renewal term, such rent was to be 6% of the then appraised value of the land to be determined by arbitration.
The sublease contained this cryptic clause: “ Upon any renewal of this sublease in the manner hereinafter described, whether the renewal is stated in this sublease or incorporated by reference from the major lease, the rental shall be at the rate of $9,500 per annum.” There is no further reference to the subject of renewal, nor is any description given of the “manner” of renewal. There is simply a general incorporation by reference clause incorporating the provisions of the major lease as if fully set forth therein except as specifically noted.
This vague, indefinite and incomplete clause cannot, without its being completely rewritten by the court—which it may not do — form the basis for the relief sought by plaintiff.
The sublease, it will be observed, speaks only of a renewal of the “sublease”. There is nothing therein to indicate that it *57 was the intention of the parties to confer upon the sublessee the right to exercise the option of renewal in the major lease. Indeed, the significant fact that the rent payable to the owner upon a renewal under the major lease was to be 6% of the appraised value of the land, while the rent to be paid by the sublessee upon renewal of the sublease was to be the exact sum of $9,500, compels the conclusion that the sublessee was not given and could not acquire the right to exercise the renewal options contained in the major lease.
Although the unexplained failure of the draftsman to describe, as promised in the quoted clause, the manner of renewal of the sublease, combined with the vague terminology employed, has resulted in confusion and doubt leading to this lawsuit, the clause as written is reasonably susceptible of only one meaning — that in the event the major lease was renewed by the holder thereof in accordance with its terms, the sublease was to be renewable at the fixed rental of $9,500 per annum. This is in accord with the usual provisions whereby the sublessee’s right to renewal of his sublease is conditioned upon the lessee’s obtaining a renewal of the major lease. Here, such a condition must necessarily be implied, since the owner could only be compelled to take as rent for the renewal period 6% of the appraised value while the sublessee bound itself to a rental of $9,500. This is the only consistent interpretation of the renewal provisions in the major lease and sublease, giving force and meaning to both.
Horn & Hardart Co. v. 115 East 14th St. Co. (7 N. Y. S. 2d 688, affd. 257 App. Div. 813, affd. 281 N. Y. 802) is illustrative of the exceptional situation when a sublessee may be held entitled to judgment directing defendant lessor to renew the lease of defendant lessee and defendant lessee to renew the sublease of plaintiff for a similar term. There both the lease and sublease contained similar covenants for renewal and each also contained a provision that in the event of renewal, if the parties could not agree on the annual rent for the renewal period, it was to be 5% of the appraised value of the land. In that case also, the lessee, after duly exercising its renewal option, attempted to withdraw it and the sublessee thereupon asserted its rights. The substitutionary right of the sublessee under such conditions is manifest.
In this case, moreover, the fact that there exist side by side assignments as well as subleases of the major lease is indicative of the understanding of the parties that there was some reservation retained by the assignees as distinguished from the sub-lessees. In view of the difference in the rental to be paid by the assignee upon renewal of the major lease from that payable *58 by the sublessee upon renewal of the sublease, it is clear that the parties could not have intended to give the sublessee the right to renew the major lease; and obviously, if the assignee did not choose to exercise that option, the sublessee could not acquire the right to renew the sublease.
In this connection it may be observed that the major lease expressly provided that no assignment thereof was to be valid unless the holder delivered to the lessor a recordable instrument in which the assignee assumed all the burdens and obligations of the lessee. Although the complaint pleads that the various sublessees delivered instruments assuming all burdens and obligations of the major lease, it is clear that none did. The position which plaintiff has endeavored to establish— that it is an assignee and not a mere sublessee — appears to be an afterthought.
But, as indicated, whatever its status, its renewal rights are fixed by the express provisions in the instruments and must be held limited to the right to renew the sublease under its terms conditioned upon the voluntary exercise of renewal of the major lease under its terms by the holder thereof.
Judgment so determining the rights of the parties is accordingly directed to be entered, with costs to defendants.