Meyer, J.
(dissenting). Respectfully, I dissent. At the very least the sublease is ambiguous and the subtenant, Modell, was entitled to complete the discovery ordered by the Civil Court in order to establish the special circumstances, upon the absence of which the majority predicates *177 affirmance. Indeed, I agree with Justice Milonas that there is enough in the present record to require reversal and denial of summary judgment.
Paragraph 52 of the sublease granted Modell an unconditional option. The fact that the sublease was stated by paragraph 53 to be subject to the terms and conditions of the overlease does not by itself make Modell’s option to renew conditional upon the exercise by 198 Broadway of the option to renew in the overlease. Rather, because the option accorded 198 Broadway by the overlease is likewise unconditional, renewal, being within the sole control of 198 Broadway, became obligatory upon it upon Modell’s exercise of the absolute option granted it by paragraph 52 (cf. Bradley v General Store Equip. Corp., 183 Misc 199, 203, affd without opn 268 App Div 852 [covenant to exercise option implied from execution of sublease for longer than original term of overlease]).
Had the parties intended otherwise, it would have been a simple matter expressly to spell out in the proviso of paragraph 52 the fact that Modell’s option was conditioned upon a corresponding option exercise by 198 Broadway. At best, therefore, there being nothing in either paragraph 52 or 53 (or for that matter elsewhere in the lease) which explicitly conditions Modell’s option, the general reference to the overlease in paragraph 53 creates an ambiguity authorizing the introduction of parol evidence in order to ascertain the intent of the parties (cf. Canadian Ind. Alcohol Co. v Dunbar Molasses Co., 258 NY 194, 198-199). Nor is Loudave Estates v Cross Rds. Improvement Co. (28 Misc 2d 54, affd without opn 20 AD2d 864), relied upon by the Appellate Division majority, to the contrary, for that case was decided after trial and involved a sublessee’s effort to use an ambiguous renewal clause in its sublease as a predicate for its exercise of the renewal privilege in the overlease.
The more particularly is it error to affirm in light of the record. Contrary to the majority’s suggestion (p 176), the fact that, in a time of rising rents, the master lease contained no provision for increase of the rent payable by 198 Broadway does not provide sound business reason for its refusal to renew the master lease, for there is no showing *178 that 198 Broadway could not profit from doing so by increasing the rents for the 11 floors of the building not occupied by Modell. When, to that strong suggestion that the sublessor acted not in its own interests but in those of its parent-lessor, are added the facts that 198 Broadway continued to bill the tenants of the building although its lease had ostensibly expired and that checks were deposited interchangeably in the account of the Church and of 198 Broadway, there can be no question that the latter should be put to its proof before Modell is evicted in contravention of the option for which, by agreeing to an increase in rent, it had given consideration.
Chief Judge Cooke and Judges Jasen, Wachtler and Simons concur with Judge Jones; Judge Meyer dissents and votes to reverse in a separate opinion.
Order affirmed, with costs.