■ TIGER CRANE MARTIAL ARTS, INC., et al., Appellants, v FRANCHISE STORES REALTY CORPORATION et al., Respondents. [652 NYS2d 674] —Crew III, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered January 19, 1996 in Warren County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

In August 1984, defendants Bernard C. Rogge and Henry P. Rogge leased certain real property located at 704 Glen Street in the Town of Queensbury, Warren County, to defendant Franchise Stores Realty Corporation, a wholly owned subsidiary of Carvel Corporation.[1] The lease between the Rogges and Franchise provided that it would terminate on September 30, 1994 unless Franchise exercised its option to renew for an additional 10-year period. At some point after the commencement of this lease, the property was divided into two commercial units and Franchise sublet one of the units for use as a Carvel ice cream store.[2] Thereafter, in February 1989, Franchise sublet the remaining rental unit to plaintiffs for use as a karate studio. The sublease, which was to terminate in February 1994, contained an option to renew for an additional five-year period. When plaintiffs attempted to exercise this option, however, Franchise advised plaintiffs that, among other things, it had no intention of renewing its prime lease with the Rogges and, hence, plaintiffs had no effective option to renew their sublease.

---

1. Shortly thereafter, Henry Rogge conveyed his ownership interest in the subject premises to Bernard Rogge, who remains the sole owner thereof.

2. The Carvel sublease is not the subject of this litigation.

Plaintiffs thereafter commenced this action seeking injunctive relief and to compel Franchise to renew the prime lease with respect to the unit sublet by plaintiffs. Subsequently, in April 1994, Franchise assigned all rights and interest in the prime lease and the two subleases to Bernard Rogge (hereinafter defendant), and defendant sought to evict plaintiffs from the unit in question. Plaintiffs responded by withdrawing their motion for a preliminary injunction, opting instead to pursue an action for money damages based upon Franchise's refusal to renew the prime lease. Thereafter, defendant moved for summary judgment dismissing the complaint, plaintiffs cross-moved to, *inter alia*, amend their complaint to seek money damages and Franchise cross-moved for, *inter alia*, summary judgment dismissing the complaint against it. Supreme Court, *inter alia*, granted the respective motions for summary judgment dismissing the complaint, and this appeal by plaintiffs followed.

Inasmuch as the subject premises apparently have been destroyed and a new restaurant construed at the site, the only relief potentially available to plaintiffs on appeal is the denial of the respective motions for summary judgment dismissing the complaint and the granting of plaintiffs' motion to amend their complaint to seek money damages. For the reasons that follow, however, we are of the view that plaintiffs are not entitled to the requested relief and, as such, Supreme Court's order should be affirmed.

It is well settled that where, as here, a sublease is expressly made subject to the terms of a master lease, the subtenant has no legal right to compel the tenant to exercise an option for renewal of the entire demised premises in order to permit the subtenant to exercise an option for renewal of its subleased premises, absent proof of an agreement on the part of the tenant to exercise its option to renew for the benefit of the subtenant or evidence of special circumstances entitling the subtenant to such relief (*see, Minister, Elders & Deacons of Ref. Prot. Dutch Church v 198 Broadway*, 59 NY2d 170, 173). Assuming, without deciding, that plaintiffs are correct in contending that the prime lease between the Rogges and Franchise was severable and divisible and, hence, Franchise could have exercised its option to renew only with respect to the subleased premises and, further, that plaintiffs were in full compliance with the terms of the sublease, thereby entitling them to exercise their option to renew in the first instance, the fact remains that there is nothing in either the prime lease or the sublease that compels Franchise to exercise its option to renew. Although plaintiffs contend that they entered into the sublease "in reli-

ance on Franchise's agreement that they would have the option to renew the [s]ublease for an additional term", this argument misses the point. Plaintiffs indeed had the option of renewing their sublease but only if Franchise chose to exercise its option to renew the prime lease. In this regard, plaintiffs have offered no proof of a separate agreement obligating Franchise to exercise its option to renew for plaintiffs' benefit, nor have plaintiffs demonstrated the existence of any special circumstances warranting the granting of the relief sought (*see, supra,* at 176). Accordingly, Supreme Court's order should be affirmed. Plaintiffs' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.