OPINION OF THE COURT
Memorandum.
Appeals from orders dated January 25, 2005 and March 18, 2005 dismissed.
Final judgment reversed without costs, orders dated January 25, 2005 and March 18, 2005 vacated, landlord’s motion for summary judgment or, in the alternative, to strike tenants’ affirmative defenses denied, tenants’ cross motion for summary judgment granted and final judgment directed to be entered in favor of tenants dismissing the petition.
Appeal from order dated April 25, 2005 withdrawn.
In a prior holdover proceeding, landlord’s predecessors alleged that tenants, who have been in possession of the subject premises since 1964 and who claimed to be rent controlled, were not rent controlled because the apartment had been owner occupied for more than one year before tenants took possession. A trial resulted in a final judgment in favor of the prior landlords, but the final judgment was reversed by this court on appeal and a new trial ordered based on the insufficiency of the proof (Castro v Castro, NYLJ, Dec. 5, 1991, at 28, col 5 [App Term, 2d & 11th Jud Dists 1991]). In lieu of retrial, tenants and *7 the prior landlords entered into a stipulation in which tenants consented to a final judgment in favor of landlord and, in return, were “deemed new rent stabilized tenants, entitled to all rights of the Rent Stabilization Law, including renewal leases.” The stipulation also provided, inter alia, that the prior landlords would not seek to recover the apartment for their own use, but that this provision would not apply to a purchaser in good faith.
In the instant holdover proceeding, landlord claims, and the court below agreed, that the stipulation is not binding on him because it was not made binding on successors. We disagree. Nothing in the law precluded tenants and the prior landlords from agreeing that tenants would be deemed to have rights similar to those of rent-stabilized tenants (see 546 W. 156 St. HDFC v Smalls, 8 Misc 3d 135[A], 2005 NY Slip Op 51207[U] [App Term, 1st Dept 2005]), including expressly renewal rights. Contrary to landlord’s contention, renewal covenants run with the land (Fruhauf v Bendheim, 127 NY 587 [1891]; Bradley v General Store Equip. Corp., 183 Misc 199, 201 [1944], affd 268 App Div 852 [1944]; 74A NY Jur 2d, Landlord and Tenant § 801) and bind successors “notwithstanding that the original agreement did not provide that it would be binding on or inure to the benefit of the assigns of the original parties” (St. Regis Rest., Inc. v Powers, 219 App Div 321, 323 [1927]; see Real Property Law § 257). Here, moreover, it is evident that the parties to the stipulation did intend for its terms, other than the waiver of the right to maintain an owner-use proceeding, to be binding on successor landlords.
We note that landlord never disputed tenants’ claim that he had actual notice of the stipulation prior to his purchase of the property. In any event, landlord is charged with notice of the stipulation’s terms because “possession of [the] premises constitutes constructive notice to a purchaser of the rights of the possessor” (52 Riverside Realty Co. v Ebenhart, 119 AD2d 452, 453 [1986]). Thus, landlord was not within his rights in refusing to renew tenants’ lease. Accordingly, the final judgment is reversed and final judgment directed to be entered in favor of tenants dismissing the petition.
The appeals from the orders dated January 25, 2005 and March 18, 2005 are dismissed because the orders were subsumed in the final judgment.
Pesce, EJ., Weston Patterson and Rios, JJ., concur.