Matter of Saleh v 245 Ontario Express, Inc. (2024 NY Slip Op 01393)

Matter of Saleh v 245 Ontario Express, Inc.

2024 NY Slip Op 01393

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

55 CA 23-01188

[*1]IN THE MATTER OF IMAD SALEH, PETITIONER-RESPONDENT,
v
245 ONTARIO EXPRESS, INC., RESPONDENT-APPELLANT, ET AL., RESPONDENTS. 

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (TODD J. ALDINGER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (DANIEL J. BOBBETT OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Erie County Court (Suzanne Maxwell Barnes, J.), entered April 5, 2023. The order affirmed a judgment of the Buffalo City Court issued on November 28, 2022. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this summary holdover eviction proceeding, respondent appeals from an order that affirmed a judgment of Buffalo City Court granting petitioner landlord possession of a storefront that had been leased to a prime tenant and occupied by respondent pursuant to a sublease. We affirm.
"[T]ermination of the primary lease terminates a sub-lease" (64 B Venture v American Realty Co. , 179 AD2d 374, 376 [1st Dept 1992], lv denied 79 NY2d 757 [1992]; see World of Food v New York World's Fair 1964-1965 Corp. , 22 AD2d 278, 280 [1st Dept 1964]). Further, "termination of the prime lease will ordinarily prevent the exercise of a renewal option in a sublease" (Cahill v COHI Towers Assoc. , 160 AD2d 325, 325 [1st Dept 1990]; see Leibowitz v Bickford's Lunch Sys. , 241 NY 489, 496-497 [1926]; see generally Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y. v 198 Broadway , 59 NY2d 170, 173 [1983]; Tiger Crane Martial Arts v Franchise Stores Realty Corp. , 235 AD2d 994, 995 [3d Dept 1997]).
Here, there is no dispute that the prime lease between petitioner and the prime tenant terminated without the prime tenant exercising his right to renewal. Thus, even assuming, arguendo, that the sublease was validly made in accordance with the terms of the prime lease, we conclude that the sublease terminated with the prime lease. Contrary to respondent's contention, petitioner did not bind himself to the terms of the sublease by accepting rent from respondent (see Leibowitz , 241 NY at 498).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court