Grace E. Lowendahl, Appellant, *v.* Baltimore and Ohio Railroad Company et al., Respondents.

(Argued December 1, 1936; decided December 31, 1936.)

*Neil P. Cullom, I. Maurice Wormser, James E. Freehill* and *Henry W. Steingarten* for appellant.

William D. Whitney, Bruce Bromley and Albert R. Connelly for respondents.

O'BRIEN, J. Plaintiff recovered a judgment against L. Van Bokkelen, Inc., for $211,782.56 in an action to set aside as fraudulent a sale to that corporation November 1, 1929, of the assets of a business conducted by Walter Van Bokkelen and the estate of Libertus Van Bokkelen (260 N. Y. 557). That judgment was not paid and the present action is brought for the amount of that judgment upon the theory that L. Van Bokkelen, Inc., was a mere agent, instrumentality and dummy for the present defendants who are alleged to have completely dominated the affairs of the Van Bokkelen corporation and to have directed and controlled the fraudulent transfer of November 1, 1929. The New York Transit and Terminal Company is a subsidiary of and wholly owned by Baltimore and Ohio Railroad Company. Judgment for $211,782.56 is demanded against these defendants.

At Special Term judgment went for plaintiff, but the Appellate Division, reversing and dismissing the complaint on the merits, decreed that the transfer from Walter Van Bokkelen to L. Van Bokkelen, Inc., on November 1, 1929, was not fraudulent on the part of the present defendants and that L. Van Bokkelen, Inc., was not the agent or instrumentality of defendants in respect to that transfer.

As between plaintiff and L. Van Bokkelen, Inc., the transfer was fraudulent. The issue in this action is whether the allegations have been sustained which charge that that corporation was at the time of the fraudulent transfer the agent or instrumentality of the Baltimore and Ohio Railroad Company and the New York Transit and Terminal Company, the defendants in the present action, and was subject to a domination and control by them so complete that it might be said to have no existence of its own and to be operated as a mere department of these defendants.

The certificate of incorporation of L. Van Bokkelen, Inc., as a Maryland corporation was executed October 14, 1929, by R. E. Lee Marshall, Walter Van Bokkelen and James H. Graves. The corporation was capitalized at 5,000 class A preferred and 30,000 shares common. The Bank of Manhattan Company, of which both Walter Van Bokkelen and the Baltimore and Ohio were customers, subscribed $500,000 for the preferred stock and the defendant New York Transit and Terminal Company agreed with the bank to take this stock within two years. Walter Van Bokkelen took forty-nine per cent of the common stock and fifty-one per cent was issued to three officers of the bank, Fletcher Earl Gill, Arthur J. Titus and Howard J. Rogers, who acted as trustees under a voting trust agreement dated November 1, 1929, to remain in effect for four years. At the first meeting of the board of directors October 31, 1929, Walter Van Bokkelen was elected president, James H. Graves vice-president, R. E. Lee Marshall secretary, and Arthur H. Titus treasurer.

At a later date George H. Shriver, Jr., son of the vice-president of the present defendants, became treasurer. The three directors, Marshall, Walter Van Bokkelen and Graves, at that meeting voted to increase the number of directors to five and elected Arthur H. Titus and Howard J. Rogers as the two new directors. They were suggested by the president of the Bank of Manhattan Company. Mr. Marshall was an attorney in Baltimore and testified that he had never been employed by the Baltimore and Ohio. Graves had known Libertus Van Bokkelen since 1919 and Walter Van Bokkelen since 1927 and did not know defendant's officers until after he became an officer of L. Van Bokkelen, Inc. Titus, vice-president of the Bank of Manhattan Company, also had known Libertus since 1915 and Walter since 1927 and acted as banker for them since 1927. Walter was president, a director and owner of forty-nine per cent of the voting stock. In the agreement dated November 1, 1929, between him and L. Van Bokkelen, Inc., by James H. Graves, as vice-president, by which the Van Bokkelen business was transferred to the Van Bokkelen corporation, is this provision: " The corporation agrees for the period of five (5) years from the date of transfer to employ said Van Bokkelen as its president at a salary to be agreed upon, and to give to him *the full management and control of the business* with the powers of President as set forth in the by-laws of the corporation, *subject only to such control by the Directors of the Corporation over the general business and policy of the Corporation* as is generally exercised by directors in similar companies." From November 1, 1929, to May 28, 1930, the only attorney for the corporation was Joseph S. Johnson who for many years had acted for Libertus and Walter. Graves testified that he exercised his independent judgment as director and did not take instructions. Between June, 1930, and the time when the corporation went into bankruptcy in 1931 he had frequent conversations on his own initiative with Shriver in relation to obtaining additional funds.

There is no doubt that these defendants, as majority stockholders in L. Van Bokkelen, Inc., participated in the organization of that corporation, that they concealed their identity as such stockholders from their traffic competitors to Baltimore and South America, and that subsequent to and probably at the time of the agreement of November 1, 1929, they exerted a powerful influence as majority stockholders in respect to the policy of the Van Bokkelen corporation, but there is no evidence that any of their officers at the time of the transfer agreement of November 1, 1929, were aware of the existence of plaintiff's claim or that they used L. Van Bokkelen, Inc., to defraud creditors or to evade existing obligations. The Appellate Division is correct in holding on the weight of evidence that the transfer was made by Walter Van Bokkelen and L. Van Bokkelen, Inc., an independent corporate entity, which was not the agent or instrumentality of defendants within the doctrine of *Berkey* v. *Third Avenue Ry. Co.* (244 N. Y. 84) and *Rapid Transit Subway Constr. Co.* v. *City of New York* (259 N. Y. 472).

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.