OCEANIC INSUL-LITE CORP., Plaintiff, *v.* SULLIVAN DRY DOCK & REPAIR CORP., Defendant.

Supreme Court, Special Term, Kings County, December 18, 1947.

*Seymour Goldstein* for plaintiff.

*Gerard M. McAllister* for defendant.

FROESSEL, J. In an action to recover a balance of $5,818.75 claimed to be due from the defendant to the plaintiff for certain work, labor and services performed, and materials furnished for the repair and conversion of a certain steamship, the com-

plaint alleges that the agreed price and reasonable value of the entire job was $15,875, leaving the unpaid balance herein sued for.

The answer consists of a general denial with the admission, however, of the payment of $10,056.25. As a separate defense, the defendant alleges that on or about October 3, 1947, and before the commencement of this action, it satisfied and discharged plaintiff's claim by the payment of the amount sued for, which the plaintiff received in full settlement, accord and satisfaction of its alleged claim. Plaintiff has now moved to strike out said answer, and for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, upon the ground that there is no defense to the action. The opposing affidavit concedes that originally, defendant owed the plaintiff $15,875 for the services rendered, upon which payment on account was made of $10,-056.25 " leaving a balance temporarily due the Oceanic interests in the sum of Five Thousand Eight Hundred Eighteen and 75/100 ($5,818.75) Dollars ", which it is claimed the defendant paid by crediting said sum " to an indebtedness owed to it for certain charges made to Oceanic Ship Scaling Corp.", a corporation owned, operated and controlled by the same stockholders as those owning, operating and controlling the plaintiff. It is further alleged that there are interlocking directorships and intermingling of employees and officers between both corporations, which used the same office, and that as a result, there has been no distinction made by the defendant between both corporations over the many years during which they had business relationships, and, therefore, the credit given to Oceanic Ship Scaling Co., Inc., constitutes payment of the balance due to the plaintiff.

The replying affidavits show that the Oceanic Ship Scaling Co. Inc., is in the business of scaling, painting, turbining and cleaning tanks of ships, and that all contracts between the defendant and that corporation were made directly with each other; that the Oceanic Insul-Lite Corp. is in the business of insulating bulkheads on ships, as well as laying magnaside decking on ships, and whenever a contract for insulation in any of its various forms was let to that corporation, a purchase order from the defendant was issued directly to it; that there is no interlocking of directors of both corporations, nor any intermingling of employees or comingling of funds between the two corporations, and that no funds of the Oceanic Ship Scaling Co., Inc., were invested with the plaintiff.

It has been held that a corporate entity will ordinarily not be disregarded, except where the corporate form has been used as an instrument of wrong and injustice (*Berkey* v. *Third Avenue Railway Co.*, 244 N. Y. 84; *Lowendahl* v. *Baltimore & Ohio R. R. Co.*, 247 App. Div. 144, affd. 272 N. Y. 360). "Control through mere ownership of a majority or of even all the capital stock and the use of the power incident thereto to elect officers and directors will not, in and of itself, predicate liability." (*Lowendahl* v. *Baltimore & Ohio R. R. Co. supra*, p. 154.)

In *Kingston Dry Dock Co.* v. *Lake Champlain Transp. Co.* (31 F. 2d 265) Judge LEARNED HAND, sitting in the United States Circuit Court of Appeals, said (p. 267): "Control through the ownership of shares does not fuse the corporations, even when the directors are common to each. One corporation may, however, become an actor in a given transaction, or in part of a business, or in a whole business, and, when it has, will be legally responsible. To become so *it* must take immediate direction of the transaction through its officers, by whom alone it can act at all * * *." (Italics supplied.)

In *United States* v. *Reading Co.* (253 U. S. 26, 62–63) the Supreme Court held: " * * * where such ownership of stock is resorted to, not for the purpose of participating in the affairs of the corporation in which it is held in a manner normal and usual with stockholders, but for the purpose of making it a mere agent, or instrumentality or department of another company, the courts will look through the forms to the realities of the relation between the companies as if the corporate agency did not exist and will deal with them as the justice of the case may require."

There is nothing in the record before me upon this motion which indicates factually such domination and control of one "Oceanic" corporation by the other, as to render one merely the agent or instrumentality or department of the other, or that one corporation was used by the other as an instrument of wrong and injustice in the transaction involved in this suit or in any other transaction. What we have here is simply the creation of two corporations by the same interests for the purpose of keeping separate and apart different operations in connection with the repair of ships, and there is no proof that the corporate form was used as a cloak or cover for fraud or illegality. As was stated in *Jenkins* v. *Moyse* (254 N. Y. 319, 324): "Corporations are, ordinarily, created because through the corporate form some advantage is obtained which would be denied to an individual or a group of individuals."

Moreover, there are indications in this case which lead to the inevitable conclusion that the defense now attempted by the defendant is an afterthought, and wholly inconsistent with the position it had taken at an unofficial meeting of creditors in connection with the filing by the Oceanic Ship Scaling Co., Inc., of a petition under the Bankruptcy Act (U. S. Code, tit. 11) for reorganization. In the schedules filed in connection with that proceeding, the defendant appeared as a creditor in the sum of $4,000 and at the first unofficial meeting of creditors, at which a temporary creditors' committee was elected, the defendant's treasurer, Mr. Walter Krause, appeared and made himself known to the meeting by insisting that he become a member of said committee, because his firm was a creditor in the said sum of $4,000. If the defendant had given credit to the Oceanic Ship Scaling Co., Inc. for the $5,818.75 herein sought to be recovered by the plaintiff, it would not have been a creditor of said corporation, but actually a debtor, and Mr. Krause could not have requested membership on the creditors' committee.

On the entire record, it seems clear that the defendant has no defense to this action, and that the issues it tenders are feigned. Accordingly, the plaintiff's motion for summary judgment is granted, with costs.

Submit order.