*173 OPINION OF THE COURT
Jones, J.
Where a sublease is expressly made subject to the terms of the master lease, the subtenant has no legal right to compel the tenant to exercise an option granted the latter for renewal of the master lease of the entire premises with a 12-story building in order to enable the subtenant to exercise an option granted it for renewal of its sublease of the ground floor and a part of the basement only, in the absence of either proof of an agreement on the part of the tenant to exercise its option or proof of special circumstances entitling the subtenant to such relief.
In January, 1959, Daniel S. Levy and Joseph Richter as fee owners, leased premises at 198 Broadway in the Borough of Manhattan and City of New York to Arthur H. Bienenstock. The master lease covered the entire premises, 23 feet front by approximately 161 feet, 9 inches deep, on which stood a 12-story office building, and was for an initial term from January, 1959 to January 15, 1980. The tenant was given two successive options to renew for periods of 21 years each. On October 1, 1959, Bienenstock subleased the store as it then existed on the ground floor together with part of the basement thereunder to Henry Modell & Co., Inc., for a term of 20 years, 3¥2 months to end on January 15,1980. The sublease contained the following paragraphs pertinent to the present dispute:
“52. Provided that the Tenant is not in default of any of the terms, conditions and covenants of this Lease, it shall have the option to renew this Lease for an additional period of twenty-one years on the same terms and conditions as contained in the present lease, provided that the Tenant shall give notice in writing to the Landlord by registered mail of the exercise of such option at least one year prior to the expiration of this lease. The Tenant shall have the further option, under the same terms and conditions as aforesaid, to renew this lease for a second renewal term of twenty-one years upon giving of notice to the Landlord as aforesaid on or before one year prior to the expiration of the first renewal term.
“53. The Tenant has been informed that the Landlord named herein is the holder of a lease on the land and *174 building in which the demised premises are situated and is not the owner of the fee. Accordingly, the lease is subject to the terms, covenants and conditions of the said major lease dated January 8, 1959 between Daniel S. Levy and Joseph Richter as lessors and Arthur H. Bienenstock as lessee.”
By agreement dated December, 1965, Bienenstock assigned his interest as tenant under the master lease to 198 Broadway, Inc., a New York corporation, subject to the terms and conditions contained in the sublease to Modell, and 198 Broadway, Inc., assumed and agreed to carry out the obligations of Bienenstock as landlord under the sublease. Thereafter on February 1,1966, the Minister, Elders and Deacons of the Reformed Protestant Dutch Church of the City of New York (Church), a corporation organized under the royal charter of 1696 and existing under the laws of the State of New York, acquired fee title to the underlying premises at 198 Broadway. The master tenant, 198 Broadway, Inc., is a wholly owned subsidiary of the Church.
In November, 1978, Modell notified 198 Broadway, Inc., of its intention to exercise its option to renew the sublease for an additional period of 21 years. In January, 1980, 198 Broadway, Inc., notified Modell that it had not exercised its right to renew the master lease and took the position that in such circumstance Modell had no effective option to renew the sublease.
When Modell’s undertenant, The Camera Barns, Inc., failed to vacate the premises, the Church brought a holdover proceeding in Civil Court of the City of New York. The Church moved for summary judgment in its favor, and Modell cross-moved for summary judgment in its favor. Civil Court held that there were material issues of fact requiring a trial, denied the Church’s motion, and granted Modell’s cross motion unless the Church and 198 Broadway, Inc., submitted to an examination before trial as previously ordered. The Appellate Term reversed the order of Civil Court and granted summary judgment to the Church. The Appellate Division affirmed, one Justice dissenting, and thereafter granted leave to Modell to appeal to our court. In our turn, we affirm the grant of summary judgment to the Church.
*175 The option granted Modell to renew its sublease of the ground floor and basement for an additional period of 21 years set forth in paragraph 52 of the sublease was expressly made subject in paragraph 53 to the terms, covenants and conditions of the master lease. In substance the tenant was given an option under the master lease to renew its tenancy of the entire 12-story building, and the subtenant was given an option, if the tenant renewed the master lease, to renew its sublease of the ground floor and basement. We agree with the courts below, however, that nothing in the master lease or in the sublease imposed any obligation on the tenant to exercise its option to renew the master lease so that the subtenant could effectively exercise its option to renew the sublease. The pyramid structure of the leases was erected before 198 Broadway, Inc., became tenant and before the Church became the fee owner. Nothing suggests the existence of any obligations between the original parties when the master lease and the sublease were initially executed other than those manifested in the written documents themselves.
Although Modell argues in a conclusory manner that when the Church became fee owner and its subsidiary became the tenant under the master lease, both became obligated to accept Modell’s exercise of its option to renew the sublease, it offers no tender of proof in admissible form, no submission that facts essential to justify opposition may exist that could not have been stated (other than a litany of theoretical questions followed by hypothetical speculations calculated to justify a fishing expedition) (CPLR 3212, subd [f ]), and no legal theory to sustain its conclusion. No tender is made of any parol evidence from which to ascertain the intent of either the original parties or the present parties to the master lease and the sublease with respect to the interrelation of the options to renew. No proof is tendered of any special understanding at the time the master lease was assigned to 198 Broadway, Inc., or at the time the Church acquired fee title to the underlying premises. The record shows that the Church and 198 Broadway, Inc., are separate and distinct corporations existing under the laws of the State of New York. No evidence is offered of any fraud or other circumstance warranting the exercise of *176 the court’s power to pierce the corporate veil or to treat parent and subsidiary as a single corporate entity for present purposes. No evidence is tendered of bad faith on the part of either the subsidiary or the parent.
The documentary proof demonstrates the existence of sound business reasons for 198 Broadway, Inc., in its own best interests not to exercise its option to renew the master lease, and for the Church not to encourage its subsidiary to exercise that option. The sublease covered only the ground floor store and part of the basement; exercise of the option of renewal in the master lease, however, would have required the tenant to extend its lease of the entire 12-story building. No suggestion is advanced, and none could be, that the tenant could have renewed the master lease with respect only to the space leased to the subtenant. Additionally, it is noted that, in a time of rising rents, neither the master lease nor the sublease contains any provision for increase in the net annual rental in the event of the exercise of the options for renewal (other than a nominal, unexplained increase in annual rent of $28.08 in the master lease).
In the circumstances disclosed in this record the court is obliged to determine the rights of the parties in accordance with the express terms of the legal documents executed by them. The subtenant had an option to renew but only if the tenant chose to exercise its option to renew the master lease, which the tenant chose not to do. There is no proof that the tenant ever undertook any obligation to exercise its option to renew the master lease for the benefit of the subtenant so that the latter might effectively exercise the option it had to renew the sublease. Nor is any proof tendered of special circumstances in the particular case entitling the subtenant to the relief that it seeks.
Accordingly, the order of the Appellate Division should be affirmed, with costs.