### 73609. REGIONAL PACESETTERS, INC. v. ECKERD DRUGS OF GEORGIA, INC. et al.

(358 SE2d 481)

POPE, Judge.

This case arises from the trial court's grant of appellees' motion for summary judgment as to appellant's claim for damages purportedly resulting when appellee Eckerd Drugs of Georgia, Inc. (hereinafter "Eckerd"), as sublessor of premises subleased to appellant, failed to timely exercise its option to extend the master lease. In light of the facts set forth below, we affirm.

The background facts of this case are set forth at length in the previous appellate appearance of this matter, *Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777 (300 SE2d 180) (1983). The facts in a nutshell are as follows: Eckerd and Halpern Enterprises, Inc. occupied the positions of tenant and landlord, respectively, under the terms of a master lease dated October 6, 1964. This master lease granted Eckerd the option to renew or extend the lease for three successive five-year terms upon and subject to the same conditions and provisions as provided with respect to the original term, provided Eckerd gave the landlord Halpern written notice of its intention to extend the term "at least thirty (30) days prior to the expiration of the original or any extended term" of the lease. Also, the master lease provided that Eckerd could not sublet the premises without the prior written consent of Halpern. Eckerd sublet the premises to appellant, but no written consent to same was obtained from Halpern.

In the previous appearance of this matter, we held that, in the absence of Halpern's written consent, the sublease agreement between appellant and Eckerd gave appellant no enforceable rights as to Halpern under the terms of the master lease, notwithstanding appellant's assertion to the contrary. Thus, appellant's attempted renewal of the master lease imposed no contractual duty on Halpern to honor same or even to respond to it. 165 Ga. App. at 781. Appellant now argues that the sublease agreement between it and Eckerd obligated Eckerd to exercise the option to extend the master lease. In support of this claim appellant relies on a written agreement between itself and Eckerd modifying their sublease. This modification provided in pertinent part: "It is acknowledged that . . . this instrument is . . . a sublease pursuant to and under a master lease. . . . Tenant [appellant] acknowledges receipt of a copy of said master lease, and both Tenant and Landlord [Eckerd] agree that each of them has all the rights, privileges, duties and responsibilities which applied to the

Landlord and Tenant, respectively, under the master lease. . . . The parties agree to be bound by all terms and conditions of said master lease that are in conflict with the terms and conditions of this sublease. . . ." Appellant contends that by the foregoing language Eckerd granted to it an option to renew the sublease. Assuming arguendo that appellant's contention has merit, nevertheless, "[a] sublessee is bound by the rights of his lessor; he is charged with notice by implication of every fact affecting the rights of his lessor, and discoverable by examination of his lessor's lease with the owner; and of every fact with which he by reasonable diligence ought to have become acquainted. [Cit.]" *Gulden v. Newberry Wrecker Svc.*, 154 Ga. App. 130, 132 (267 SE2d 763) (1980). Perusal of the master lease in the case at bar discloses that Eckerd had the *option* to extend or renew the master lease; there is no language compelling extension or renewal. Yet, despite this absence of a duty on Eckerd to extend or renew, the sublease agreement likewise contains no express language imposing an obligation on Eckerd to exercise the option.

However, appellant contends that an agreement by Eckerd to renew the master lease can be implied from the cited language of the sublease. "In deciding whether to imply promises or duties to the terms of a contract, the introduction of an implied term into the contract of the parties . . . can only be justified when the implied term is not inconsistent with some express term of the contract and where there arises from the language of the contract itself, and the circumstances under which it was entered into, an inference that it is absolutely necessary to introduce the term to effectuate the intention of the parties." (Citations, punctuation and emphasis omitted.) *Higginbottom v. Thiele Kaolin Co.*, 251 Ga. 148, 149 (304 SE2d 365) (1983). "[W]hatever may be fairly implied by the terms of the agreement is in the eyes of the law embodied in the agreement. One who undertakes to accomplish a certain result agrees by implication to do everything to accomplish the result intended by the parties." (Punctuation omitted.) *Orkin Exterminating Co. v. Buchanan*, 108 Ga. App. 449, 452 (133 SE2d 635) (1963). The sublease agreement between appellant and Eckerd is entirely devoid of any reference to extension or renewal of same. The general reference in the sublease to the parties' rights and obligations under the master lease provides no indicia of their intent in this regard. We thus discern no intention of the parties one way or the other concerning extension or renewal of the sublease. This being the case, we can imply no duty or obligation on Eckerd in this regard.

In light of the circumstances in this case, we find persuasive the holding of the Court of Appeals of New York in *Minister &c. of the Reformed &c. Church v. 198 Broadway, Inc.*, 59 NY2d 170, 173 (451 NE2d 164, 464 NYS2d 406, 39 ALR4th 818) (1983): "Where a sub-

lease is expressly made subject to the terms of the master lease, the subtenant has no legal right to compel the tenant to exercise an option granted the latter for renewal of the master lease of the entire premises . . . in order to enable the subtenant to exercise an option granted it for renewal of its sublease . . . in the absence of either proof of an agreement on the part of the tenant to exercise its option or proof of special circumstances entitling the subtenant to such relief." Compare *Gilman v. Nemetz*, 203 Cal.App.2d 81 (21 Cal. Rptr. 317, 94 ALR2d 1332) (1962) (sublessor liable for breach of express covenant to exercise his option to renew the master lease). See generally Annot., 39 ALR4th 824 (1985). Appellant cites no "special circumstances" entitling it to relief in this case. Therefore, in the absence of an agreement by Eckerd to exercise the option to extend or renew, summary judgment was properly entered in favor of appellees. Accord *Futterman v. South African Airways*, 126 Misc.2d 90 (481 NYS2d 283) (1984).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 4, 1987.

*Taylor W. Jones, Timothy R. Brennan*, for appellant.
*Patricia B. Cunningham, Alfred G. Adams, Jr.*, for appellees.