**Michael D. DAVIS**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY and Cigna Corporation.**

No. 3-88-0978.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 19, 1990.

R. Stephen Doughty, Nashville, Tenn., for plaintiff.

Gregory B. Tobin, Conn. Gen. Life Ins. Co., Philadelphia, Pa., Thomas P. Kanaday, Jr., Nashville, Tenn., for defendants.

## MEMORANDUM

JOHN T. NIXON, District Judge.

Pending before the Court are the Magistrate's Report and Recommendation, the defendants' Objection to Report and Recommendation of Magistrate, the defendants' Motion for Leave to File Motion for Summary Judgment and the defendants' Motion for Summary Judgment which addresses the plaintiff's claim for breach of contract against the defendants for the defendants failure to conduct an internal job search.

## DISCUSSION

On February 5, 1990 the Court directed the Magistrate to consider the defendant CIGNA Corporation's motion for summary judgment. In the Report and Recommendation the Magistrate recommended that the defendant CIGNA Corporation's motion for summary judgment be denied. The defendant CIGNA Corporation now objects to the Magistrate's recommendation that CIGNA Corporation's motion for summary judgment be denied.

1. *The Defendant CIGNA Corporation's Motion for Summary Judgment on the Plaintiff's Contract Claim*

The Magistrate based his recommendation that the defendant CIGNA Corporation's motion for summary judgment on the plaintiff's contract claim be denied on the determination that this Court previously held that an employment contract existed between the CIGNA Corporation and the plaintiff. The Magistrate based this determination upon his belief that the Court found that the "CIGNA and You" employee handbook created an employment contract between the defendant CIGNA Corporation and the plaintiff. The defendant CIGNA Corporation vigorously argues that the Court did not reach such a conclusion.

The Court did not find that there was an employment contract between the defendant CIGNA Corporation and the plaintiff based on the "CIGNA and You" employee handbook. The Court found that the plaintiff had an alleged separate contract claim against the defendants based upon the defendants' failure to conduct an internal job search. The Court did not grant the defendants' motion for summary judgment on the breach of contract claim, insofar as the internal job search was concerned, because the defendants did not address the internal job search in their motion for summary judgment. Presently pending before the Court are the defendants' Motion for Leave to File Motion for Summary Judgment and the defendants' Motion for Summary Judgment which addresses the plaintiff's claim for breach of contract against the defendants for the defendants failure to conduct an internal job search. The defendants' motion for leave to file a summary judgment motion on the plaintiff's breach of contract claim against the defendants for the defendants' failure to conduct an internal job search is GRANTED. The plaintiff is ORDERED to respond to the defendants' summary judgment motion within twenty (20) days from the date this Memorandum is entered on the docket.

2. *The Defendant CIGNA Corporation's Motion for Summary Judgment on the Plaintiff's Sex Discrimination Claim*

■ The Magistrate recommended that the Court deny the defendant CIGNA Corporation's motion for summary judgment on the plaintiff's claim of sex discrimination in violation of Tennessee Code Annotated 4–21–401(a). The Magistrate determined that the decisional law under Title VII of the Civil Rights Act of 1964, as amended [Title VII], would govern the decision of whether the defendant CIGNA Corporation, the parent of the defendant Connecticut General Life Insurance Company, could be held liable for the alleged sex discrimination.

The defendant CIGNA Corporation objects to the Magistrate's determination and argues that Tennessee, rather than Title VII, decisional law should apply. The defendant CIGNA Corporation further argues that application of Tennessee decisional law to the present case demonstrates that the defendant CIGNA Corporation is not liable for the alleged discriminatory acts of its subsidiary.

The Magistrate chose to rely on Title VII decisional law because Tennessee Code Annotated section 4–21–101(a)(1) provides that the purpose and intent of the Tennessee Human Rights Act are "to provide for the execution of the policies embodied in ... the federal Civil Rights Acts of 1964, 1968 and 1972 ... as amended."

This question has not been addressed by the Tennessee courts. In the absence of Tennessee precedent, the Court finds that this expression of legislative intent is not clear enough to justify departing from well-established Tennessee case doctrine setting forth the standards for determining a corporate parent's liability for the alleged discriminatory employment acts of its subsidiary.

■ The leading Tennessee Supreme Court case on the issue of corporate parent liability is *Continental Banker's Life Insurance Company v. Bank of Alamo*, 578 S.W.2d 625 (Tenn.1979). The *Continental Banker's* court adopted a three-pronged test from *Lowendahl v. Baltimore & O. R. Co.*, 247 App.Div. 144, 287 N.Y.S. 62 (1936), aff'd 272 N.Y. 360, 6 N.E.2d 56, rehearing denied, 273 N.Y. 584, 7 N.E.2d 704 (1937), to determine whether parental liability existed. The *Continental Banker's* court wrote:

Paraphrased from *Lowendahl*, application of the instrumentality rule requires proof of the following three elements:

(1) The parent corporation, at the time of the transaction complained of, exercises complete dominion over its subsidiary, not only of finances, but of policy and business practice in respect to the transaction under attack, so that the corporate entity, as to that transaction, had no separate mind, will, or existence of its own.

(2) Such control must have been used to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of third parties' rights.

(3) The aforesaid control and breach of duty must proximately cause the injury complained of.

578 S.W.2d at 632.

Applying the three elements of the instrumentality rule to the present case, the Court finds that the plaintiff has failed to muster enough proof to satisfy the second prong of the *Continental Bankers* test.

The second prong of the *Continental Bankers* test requires that the plaintiff show that the parent corporation exerted control over the subsidiary to violate a legal duty. However, the plaintiff has not come forward with any proof sufficient to establish a genuine issue of material fact as to whether the defendant CIGNA Corporation's control was used to commit any wrong against the plaintiff. The facts, construed in the light most favorable to the non-moving party—the plaintiff, show that the defendant Connecticut General Life Insurance Company was solely responsible for the alleged replacement of the plaintiff with Barbara Gay. All of the individuals involved in the decision to "replace" the plaintiff with Barbara Gay were Connecticut General Life Insurance Company employees. Thus, the Court GRANTS defendant CIGNA Corporation's motion for summary judgment on the plaintiff's sex discrimination claim.