**Francis L. BOYLE, Jr., Plaintiff,**

v.

**JACOR COMMUNICATIONS, INC., Defendant.**

**Civ. A. No. C-1-92-168.**

United States District Court, S.D. Ohio, W.D.

July 20, 1992.

James F. McDaniel, Katz Teller Brant & Hild, Cincinnati, Ohio, for plaintiff.

Richard Guy Taft, Strauss & Troy, Cincinnati, Ohio, for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court for consideration of the plaintiff's motion for summary judgment (doc. 3), the defendant's memorandum in opposition (doc. 6), the plaintiff's reply (doc. 7), and the defendant's supplemental memorandum in opposition (doc. 10).[1] This is a complicated case. Neither counsel has cited any law in support of their respective positions.

### BACKGROUND

Francis L. Boyle, the plaintiff, is a former officer and director of ERI Communications Group, Inc. ("ERI"). On November 27, 1985, Mr. Boyle resigned from ERI. ERI and Mr. Boyle subsequently entered into a Retirement Agreement. Under the Retirement Agreement, ERI gave several promissory notes totaling $2,189,949.20 to Mr. Boyle. In exchange for the notes, Mr. Boyle sold 98,204 shares of ERI stock to ERI. The final promissory note, which is

---

1. This Court has found nothing in the record to explain why the plaintiff did not bring this suit against ERI Communications Group, Inc., as well as Jacor Communications, Inc.

presently unpaid, is for $500,000 and was due on January 15, 1992. Mr. Boyle demands payment for the note and interest due.

Mr. Boyle and ERI also entered into a Consulting Agreement. The Consulting Agreement provides for Mr. Boyle to be paid $40,000 on December 30 of each of the years 1986 through 1990, and $50,000 on December 30 1991. The final payment of $50,000 is past due. Mr. Boyle demands this payment and interest in this lawsuit.

In the action before the Court, Mr. Boyle demands recovery from Jacor Communications, Inc. ("JCI") rather than ERI. JCI, not a party to the original agreements, denies all liability for the obligations that ERI contractually incurred. The circumstances which give rise to Mr. Boyle's demand for payment from JCI are set forth below.

## STANDARD OF REVIEW

The narrow question that we must decide on a motion for summary judgment is whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(b). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The moving party "has the burden of showing *conclusively* that there exists no genuine issues as to a material fact and the evidence together with all inference drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.1979) (emphasis original), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). And, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly

before [the] court." *Id.* (*quoting* Rule 56(c), Fed.R.Civ.P.).

Summary judgment "must be used only with extreme Caution for it operated to deny a litigant his day in court." *Id.* The Supreme Court elaborated upon this standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial....

*Id.* at 322. Summary judgment is not appropriate if a dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## CHOICE OF LAW

■ A federal court that has jurisdiction solely on the basis of diversity of citizenship must follow the choice of law rules of the state in which it is sitting. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 491, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The present action is before this Court on the basis of diversity jurisdiction. Therefore, this Court will use Ohio choice of law rules.

Ohio courts have established that parties to a contract can expressly choose the law which they wish to govern the interpretation of their contract. *See Nationwide Mutual Insurance Co. v. Ferrin*, 21 Ohio St.3d 43, 44, 487 N.E.2d 568 (1986); *Gries Sports Enterprises v. Modell*, 15 Ohio St.3d 284, 286–287, 473 N.E.2d 807 (1984) *cert. denied*, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985). Mr. Boyle and ERI contractually stipulated that the Agreements "shall be governed and interpreted in accordance with the laws of the state of New York." (doc. 3). Therefore, the Court will apply the substantive law of the state of New York to determine whether to

grant Mr. Boyle's motion for summary judgment.

## DISCUSSION

 We now turn to the question of whether Mr. Boyle may pierce the corporate veil of ERI and hold its sole shareholder, JCI, liable. Corporations are legal entities distinct from their managers and shareholders and have an independent legal existence. *Rapid Tr. Subway Constr. Co. v. City of New York,* 259 N.Y. 472, 487–488, 182 N.E. 145, 149–150 (1932). JCI, a corporation, merely owns the stock of ERI, another corporation. Ordinarily, parent and subsidiary corporations are separate personalities that cannot be disregarded. *See id.* Therefore, if Mr. Boyle wants to recover directly from JCI he must show the Court that circumstances exist which justify piercing ERI's corporate veil.

 The law of New York allows the Court to look beyond the corporate form where necessary to prevent fraud or to achieve equity. *Port Chester Electric Construction Co. v. Atlas,* 40 N.Y.S.2d 652, 389 N.Y.S.2d 327, 331, 357 N.E.2d 983, 987 (1976). New York courts have determined that the following criteria should be examined when a question of piercing the corporate veil arises: (1) whether the subsidiary is subject to such domination and control by its shareholder that it might be said to have no existence of its own, *Lowendahl v. Baltimore and Ohio R.R. Co.,* 272 N.Y. 360, 363, 6 N.E.2d 56 (1936); (2) whether evidence exists of bad faith or fraud by the parent or subsidiary, *Ministers, Elders & Deacons of the Reformed Protestant Dutch Church of the City of New York v. Broadway, Inc.,* 59 N.Y.2d 170, 464 N.Y.S.2d 406, 408, 451 N.E.2d 164, 166 (1983); and (3) whether the corporation is a dummy for its stockholders who are in reality carrying on the business in their personal capacities for purely personal rather than corporate ends, *Walkovszky v.*

*Carlton,* 18 N.Y.2d 414, 418, 276 N.Y.S.2d 585, 223 N.E.2d 6 (1966).

Mr. Boyle gives two different reasons, in separate documents, for commencing the present action against JCI instead of ERI. We will consider these in turn.

 Mr. Boyle first argues that he sued JCI, and not ERI, because JCI purchased ERI and therefore assumed its obligations. In his motion for summary judgment Mr. Boyle states:

> In 1987, Defendant Jacor Communications, Inc. ("Jacor") purchased ERI, which became a wholly owned subsidiary. In 1990, Jacor sold ERI but retained responsibility for the payment obligations due to Mr. Boyle under the Promissory Note and the Consulting Agreement.

Plaintiff's Motion for Summary Judgment, doc. 3, at 2.

Mr. Boyle fails to give a detailed account of how the responsibility for payment under the Retirement Agreement and the Consulting Agreement was shifted from ERI to JCI. Mr. Boyle alleges that JCI purchased ERI, assumed its liabilities, and retained responsibility for the obligation due to Mr. Boyle. This conclusory allegation is unsupported in Mr. Boyle's motion for summary judgment and is denied by JCI.[2]

The law of New York does not support Mr. Boyle's first theory for recovery from JCI. The mere fact that JCI owns all the stock of ERI is not dispositive proof that justifies piercing the corporate veil of ERI. Mr. Boyle has presented no evidence which indicates that ERI has no existence of its own, that JCI has acted in bad faith, or that ERI is a dummy corporation. Therefore, Mr. Boyle's first theory of recovery does not justify the piercing of JCI's corporate veil.

 The second reason Mr. Boyle gives for bringing this action against JCI is that JCI assumed responsibility for the final

---

**2.** For the sake of simplicity, in this opinion the Court will treat JCI as the parent corporation of subsidiary ERI and will not refer to Jacor National Corporation, Eastman Radio Inc., and E.R. Acquisition. The omission of specific details should not be mistaken to mean that they were ignored.

promissory note and the 1991 consultation fee because the three most recent payments under the Retirement Agreement and Consultation Agreement were paid by checks from a JCI checking account. In response to Mr. Boyle's second theory, JCI claims that the payment to Mr. Boyle with JCI checks was merely an administrative procedure and not unequivocal evidence of an assumption of liability. The stubs attached to the three JCI checks explicitly designate that the checks are payments from the "Eastman" subsidiary (renamed JNC). JCI maintains that JNC, a wholly owned subsidiary, is solely liable for all obligations arising under the Retirement Agreement and Consulting Agreement. JCI states that:

> the use of a Jacor Communications' check is the result of an administrative procedure designed to control costs through a centralized payment system. The payments that were made to the Plaintiff were charged to the subsidiary (Jacor National Corp.), and the obligations of the subsidiary to the Plaintiff have never been treated or accounted for as obligations of this Defendant, Jacor Communications, Inc.

Defendant's Supplemental Memorandum, doc. 10, at 1.

Mr. Boyle argues that because ERI used JCI checks, JCI has necessarily assumed responsibility for the obligations of ERI. The Court has discovered no law supporting the position that the payment of a subsidiary corporation's obligation by a check from a parent corporation's checking account unequivocally establishes that the parent corporation assumed the obligations of its subsidiary. Rather, Justice Cardozo believed that the relationship between a parent and its subsidiary corporation "is enveloped in the mists of metaphor." *Berkey v. Third Ave. Ry. Co.*, 244 N.Y. 84, 155 N.E. 58, 61 (1926). Cardozo reasoned that the question of liability in a parent/subsidiary relationship involves a fact intensive inquiry.

■ The Court realizes that JNC is a wholly owned subsidiary of JCI and that JCI uses a centralized accounting system.

The parties in the present action have failed to provide the Court with further factual information from which we can determine the true relationship between JCI and ERI. Based upon the facts of which this Court is aware, the use of JCI checks is merely evidence, not dispositive proof, that JCI assumed responsibility for the obligations of ERI. Material questions of fact exist regarding whether JCI and ERI have operated in such a manner as to justify piercing ERI's corporate veil. At this time, the Court has not been provided with sufficient factual information regarding the true relationship between JCI and ERI. The nature of the relationship is a material issue of fact.

## CONCLUSION

Accordingly, the Court hereby denies the plaintiff's motion for summary judgment.

SO ORDERED.